IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MICHAEL ALLEN HOLLAND,  )
         Petitioner,  )  CIVIL ACTION NO.: CV208-047
         v.  )
UNITED STATES OF AMERICA,  )  (Case No.: CR206-3)
         Respondent.  )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Michael Allen Holland ("Holland"), filed a Motion to Set Aside, Vacate, or Correct his Sentence pursuant to 28 U.S.C. § 2255. The Government ("Respondent") has filed a Response. For the reasons which follow, Holland's Motion should be **DENIED**.

## STATEMENT OF THE CASE

Holland was indicted by a federal grand jury on one count of possession of a firearm by a convicted felon, armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The Court appointed Steven Blackerby ("Blackerby") to represent Holland. Holland was convicted of the charged offense following a jury trial. At Holland's request, the Court appointed L. Taylor Hanson ("Hanson") as new counsel to represent Holland following the trial. The United States Probation Office prepared a Presentence Investigation Report ("PSI"). Holland's PSI revealed his total offense level to be 33, and a criminal history category of V. The advisory guideline imprisonment range was 210 to 262 months' imprisonment and the mandatory minimum term of

imprisonment was 180 months. Neither the government nor Holland filed PSI objections. Holland was sentenced to 180 months' imprisonment. Holland filed an appeal, and the Eleventh Circuit Court of Appeals affirmed Holland's conviction.

In the instant Motion, Holland generally asserts that he received ineffective assistance of counsel because of defense counsel's inexperience in handling federal criminal cases and defense counsel's failure to argue that Holland was a "minor participant". Holland further asserts that he unconstitutionally received criminal history points for two "old offenses" that "are over fifteen years old". (Doc. No. 1, pp. 4-6).

## DISCUSSION AND CITATION TO AUTHORITY

I. **Ineffective Assistance of Counsel Claims**

A claim that a defendant did not receive effective assistance of counsel involves the right to counsel which guarantees not only assistance, but effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). The "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686. To be successful on an ineffective assistance of counsel claim, the defendant must satisfy a two-part test: (1) his counsel's performance was deficient, falling "below an objective standard of reasonableness"; and (2) the deficient performance prejudiced his defense so badly that there is a reasonable probability that it impacted the result. Id. at 687-688; Quince v. Crosby, 360 F. 3d 1259, 1265 (11th Cir. 2004). When reviewing the level of performance provided by counsel, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Strickland, 466 U.S. at 689.

### A. Counsel's Inexperience with Federal Criminal Cases

Holland asserts that Blackerby's counsel was ineffective based on his inexperience with handling federal criminal cases. (Doc. No. 1, p. 4). Holland alleges that in a memorandum forwarded to the District Court, Blackerby stated, "Coupled with the necessity of researching all of these legal issues was MY INEXPERIENCE with handling federal criminal cases, notably, THIS WAS THE FIRST FEDERAL CRIMINAL CASE WHICH I EVER HANDLED." (Id.). Holland contends that Blackerby's inexperience caused him to misrepresent and misadvise Holland "about the condition of the outcome of going to trial, specifically inquired by defendant." (Id.). Holland further contends that "counsel shoulded (sic) knew that defendant's whole behavior and trial was structured to avoid a plea agreement that would not result in a long sentence." (Id.). Holland asserts that he is entitled to a two level sentence departure based on Blackerby's ineffective assistance. (Id.).

Respondent avers that the memorandum referred to by Holland is a sealed document in Holland's criminal case filed in support of Blackerby's request for excess compensation for legal fees and expenses. (Doc. No. 3, pp. 7-8) (citing CR206-003, Doc. No. 80). In his request for excess compensation, Blackerby attached a letter to the court which stated that his excess legal fees were due to his inexperience in federal criminal cases and because Holland's case was his first federal criminal case. Blackerby also attached a 13 page chart itemizing the hours he spent working on Holland's case, including 11.7 in court hours and 124.2 out of court hours. (Doc. No. 3, p. 8) (citing CR206-003, Doc. No. 80, pp. 1-15). Respondent contends that Blackerby's claim for reimbursement demonstrates that he prepared exhaustively for Holland's case.

(Doc. No. 3, p. 8). Respondent further contends that inexperienced counsel is not automatically ineffective. (Id.). Respondent asserts that Holland does not specify the manner in which Blackerby allegedly misadvised him, or how he was prejudiced by this alleged deficient conduct. (Id. at 9). Respondent further asserts that Holland was not prejudiced because he received the statutorily mandated minimum sentence of 180 months. (Id. at 10).

Counsel that is merely inexperienced is not automatically ineffective. Chandler v. United States, 218 F. 3d 1305, 1316 n. 18 (11th Cir. 2000). The fact that counsel is young and inexperienced in criminal matters does not provide a basis for finding ineffective assistance of counsel in the absence of showing actual ineffectiveness. United States v. Cronic, 466 U.S. 648, 665 (1984). "Every experienced criminal defense attorney once tried his first criminal case." Id. at 665-666. Ineffectiveness under Strickland requires more than just a showing that trial counsel was inexperienced or overworked, the defendant must demonstrate with specificity "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Gamble v. Crosby, 2005 WL 1618212, at *5 (M.D. Fla. 2005) (citing Strickland, 466 U.S. at 687). Bare and conclusory allegations of ineffective assistance of counsel which contradict the existing record and are unsupported by any indicia of reliability are insufficient to require a hearing or further consideration. Cannon v. U.S., 2007 WL 4616281, at *5 (S.D. Fla. 2007).

The evidence before the Court establishes that Holland's case was the first federal criminal case Blackerby handled. The record reveals that Blackerby prepared extensively for Holland's case, as evidenced by the 124.2 out of court hours Blackerby

spent in preparation for Holland's trial. Holland alleges that Blackerby's inexperience led him to misadvise and misrepresent Holland regarding the likely outcome of the jury trial. However, Holland does not demonstrate with specificity that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Gamble, 2005 WL 1618212 at *5. Holland is not entitled to § 2255 relief because his allegations are merely conclusory and are devoid of any factual support. Holland's Motion does not allege that Blackerby provided ineffective assistance during the trial, merely that Blackerby was ineffective for failing to advise Holland on the possible effects of going to trial. Holland received the statutorily mandated minimum sentence of 180 months. The statutory minimum is the same, whether a defendant enters a guilty plea or is convicted at a jury trial. Thus, Holland did not suffer any prejudice even if Blackerby misadvised him on the effects of going to trial. Holland has failed to show he was denied effective assistance of counsel due to Blackerby's inexperience.

### B.  Minor Participant

Holland alleges that Blackerby provided ineffective assistance by failing to argue that Holland was a "minor participant", and asks the Court to grant him a "two (2) points downward departure" on this basis. (Doc. No. 1, p. 5). Holland asserts that the Sentencing Guidelines provide a range of adjustments for a defendant who plays a part in committing the offense that makes him less culpable than the average participant. (Id.). Holland further asserts that he merely impounded the firearm and never used it to commit a crime. (Id.).

Respondent has shown that USSG § 3B1.2, the Guidelines' mitigating role provision, allows for a two or four point decrease in the offense level if the defendant was a "minor" or "minimal" participant in the criminal offense. (Doc. No. 3, p. 11). Respondent asserts that Application Note 2 to USSG § 3B1.2 specifies that "[t]his guideline is not applicable unless more than one participant was involved in the offense." U.S. Sentencing Guidelines Manual § 3B1.2, cmt. n. 2 (2006); see also United States v. Costales, 5 F. 3d 480, 484 (11th Cir. 1993).[1] Respondent contends that because Holland was the only participant in the offense for which he was convicted, Blackerby was not ineffective for failing to ask for a minor participant reduction. (Doc. No. 3, pp. 11-12).

The evidence before the Court establishes that Holland was the only participant in the offense for which he was convicted. As Holland was the only participant, he was not entitled to a USSG § 3B1.2 downward departure. Thus, Blackerby did not provide ineffective assistance of counsel by failing to request a minor participant reduction in Holland's case.

## II. Criminal History Calculation

Holland alleges that the United Sentencing Guidelines were unconstitutionally applied to him because he received criminal history points for two "old offenses" that are "over fifteen years old". (Doc. No. 1, p. 6). Specifically, Holland refers to his July 5, 1990, conviction for manufacturing marijuana and his December 27, 1991, conviction for possession with intent to distribute alprazolam. (Id.). Holland requests the Court to

---

[1] The March 27, 2006, edition of the Sentencing Guidelines was used in Holland's case. (Doc. No. 3, p. 11, n. 1).

remove six criminal history points from his criminal history category calculation on the basis that they were wrongly applied. (Id.).

Respondent asserts that to obtain collateral relief on errors to which no contemporaneous objection was made, and which were not raised on direct appeal, Holland "must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains. (Doc. No. 3, p. 12) (citing United States v. Frady, 456 U.S. 152, 167-168 (1982)). Respondent contends that Holland can show neither cause nor prejudice because the Probation Officer properly awarded Holland criminal history points for these convictions. (Doc. No. 3, pp. 12-13). Respondent alleges that Holland is mistaken regarding the disposition date of the cases in question. (Id. at 13). Respondent has shown that Holland's offense date was September 30, 2004. (Doc. No. 3, p. 13). Respondent asserts that Holland qualified as an Armed Career Criminal pursuant to 18 U.S.C. § 924(e), which provides for the enhancement of a sentence when an individual who has three or more previous convictions for violent felonies or serious drug offenses violates 18 U.S.C. § 922(g) (felon in possession of a firearm). (Id. at 14). Respondent contends that there is no time limit on when the § 924(e) triggering prior convictions occurred. (Id.).

18 U.S.C. § 922(g) prohibits any person who has previously been convicted of a crime punishable by imprisonment for a term exceeding one year from possessing any firearm. Pursuant too 18 U.S.C. § 924(e)(1), any person who violates § 922(g) and has three or more prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another" shall be imprisoned for not less than fifteen years. 18 U.S.C. § 924(e)(1) is a sentence enhancement provision, not a

distinct federal offense. United States v. McGartha, 891 F. 2d 1520, 1524 (11th Cir. 1990). There are no temporal restrictions on the three or more prior convictions triggering the enhanced penalty of § 924(e). § 924(e) is applicable regardless of how remote in time the previous convictions triggering the sentence enhancement provision occurred. United States v. Green, 904 F. 2d 654, 655 (11th Cir. 1990).

The record establishes that Holland has three previous convictions for violent felonies or serious drug offenses. Thus, § 924(e)'s sentence enhancement provision was properly applied to him. Even if Holland's contentions that two of his prior convictions are over 15 years old were true, his argument for a downward departure in his criminal history points is unavailing because there is no time limit on the § 924(e) prior convictions . Accordingly, Holland's old offense argument fails.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Holland's Motion to Vacate, Set Aside, or Correct his Sentence (Doc. No. 1), filed pursuant to 28 U.S.C. § 2255, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 14th day of October, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE